■ HILTON O. SUAREZ et al., Respondents, v JPMORGAN CHASE BANK, Respondent-Appellant, et al., Defendant, and MCGUIRE'S SERVICE CORP., Appellant-Respondent. [9 NYS3d 245]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered February 27, 2014, which, to the extent appealed from as limited by the briefs, upon renewal, denied defendant McGuire's Service Corp.'s (McGuire's) motion for summary judgment and reinstated the complaint as against it, and otherwise adhered to the prior order, same court and Justice, entered July 15, 2013, denying defendant JPMorgan Chase Bank's (JPMC) motion for summary judgment seeking dismissal of the complaint as against it and judgment on its cross claims for indemnification against McGuire's, unanimously affirmed, without costs. Appeal from the July 15, 2013 order, unanimously dismissed, without costs, as academic.

In this action for personal injuries allegedly sustained by plaintiff Hilton O. Suarez when he slipped and fell on ice in the parking lot of JPMC's bank branch located on East Tremont Avenue in the Bronx, there are questions of fact precluding an award of summary judgment to defendant McGuire's, the snow removal contractor. Specifically, there is an issue of fact as to whether McGuire's entirely displaced JPMC's obligation to maintain the premises safely (see *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]). Although the snow removal contract uses broad language suggesting that McGuire's "entirely absorb[ed]" JPMC's duty, there is evidence in the record that JPMC retained control over the snow removal services by directing McGuire to stop using sand on the icy parking lot and to remove piles of snow from the premises (*Espinal*, 98 NY2d at 140-141).

We have considered the parties' remaining arguments and find them unavailing. Concur—Friedman, J.P., Saxe, Richter and Gische, JJ.